UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
NORREL ARMSTRONG,

               Plaintiff,                      **MEMORANDUM & ORDER**
                                                                         25-CV-7047 (NRM) (PK)

   -against-

781 METROPOLITAN JV LLC,

               Defendant.
---------------------------------------------------------X
**NINA R. MORRISON**, United States District Judge:

      On December 23, 2025, Plaintiff Norrel Armstrong, proceeding *pro se,* filed the above-captioned civil action seeking to stay a state court order of eviction. ECF No 1 ("Compl."). Plaintiff also submitted a proposed Order to Show Cause seeking the same relief. ECF No. 3 ("OTSC").[1] Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, ECF No. 2, is granted for the limited purpose of this Order. For the reasons that follow, Plaintiff's complaint is dismissed and the proposed Order to Show Cause for immediate injunctive relief is denied.

## BACKGROUND

      Plaintiff alleges that he has succession rights in a Section 8 subsidized apartment owned by Defendant, and that the New York City Housing Authority issued a "Succession Letter confirming his status as the legal successor to the

---

[1] On December 19, 2025, Plaintiff filed a similar action, along with a proposed Order to Show Cause, seeking the same relief. On the same day, the Court denied Plaintiff's motion for immediate relief and dismissed the complaint without prejudice. *See Armstrong v. 781 Metropolitan JV LLC et al.*, No. 25-CV-6983 (NRM) (PK) (E.D.N.Y. Dec. 19, 2025.)

1

tenancy." Compl. at 5, 8. He asserts that "Defendant's use of the State's judicial machinery to seize a federal subsidy without a pre-termination hearing violates the Due Process Clause of the Fourteenth Amendment." *Id*. at 7.

In his motion for a temporary restraining order, he states: "An eviction is scheduled for 12/31/2025 9:00AM, which will cause irreparable harm by terminating a federal Section 8 subsidy and my 2-year vested residency . . . ." OTSC at 1. Plaintiff requests an immediate temporary restraining order "staying the state court eviction in *781 Metropolitan JV LLC v. Armstrong* (Index No. L&T 323866-24KI)." *Id.*

Plaintiff attaches to the motion a partial copy of an unsigned stipulation of settlement in the state court action, that would have required Plaintiff to pay more than $15,000 in back rent plus the November rent in exchange for his signature on a lease to commence November 1, 2025. *Id*. at 3. He also attaches a partial copy of an order seeking a stay in the New York Appellate Division, Second Department of unspecified proceedings; the partial copy is marked "Refused" by the Honorable Joanne D. Quiñones. *Id*. at 6.

## DISCUSSION

### I. Standard of Review

Courts are required to give special consideration to *pro se* litigants, those individuals who represent themselves in court. This means that *pro se* litigants are not expected to meet the same standards required for formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Where a liberal reading of the pleading "gives any indication that a valid claim might be stated," the court must

grant leave to amend it at least once. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

A federal statute, 28 U.S.C. § 1915, allows indigent plaintiffs to file lawsuits without paying the usual filing fee. This statute requires a district court to dismiss a case if the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must include facts that show that the defendants may be responsible for the harm to the plaintiff. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint must include more than only "labels and conclusions" or a list of the elements of a cause of action. *Twombly*, 550 U.S. at 555. A complaint fails to state a claim if it includes only bare assertions with no factual details. *Iqbal*, 556 U.S. at 678.

Moreover, a federal district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous, or the court lacks subject matter jurisdiction over the matter. An action is frivolous as a matter of law when, *inter alia*, it is "based on an indisputably meritless legal theory" — that is, when it "lacks an arguable basis in law or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citation omitted). For example, "[a] complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171 F.3d

3

757, 760 (2d Cir. 1999) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

Additionally, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see Chestnut v. Wells Fargo Bank, N.A.,* No. 11-CV-5369 (JS) (ARL), 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking.").

A plaintiff seeking to invoke the Court's jurisdiction must also establish that he has standing, which requires him to demonstrate that he has suffered a "concrete and particularized injury." *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). "If 'the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve.'" *Id.* (quoting *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019).

## II.   The Anti-Injunction Act

Under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Where, as here, none of the enumerated exceptions apply, the Anti-Injunction Act functions as "an absolute prohibition against any injunction of any state-court proceedings." *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S.

623, 630 (1977); *see Allen v. New York City Hous. Auth.*, No. 10-CV-168 (CM) (DCF), 2010 WL 1644956, at *3 (S.D.N.Y. Apr. 20, 2010) ("Courts in this Circuit have repeatedly held that the Anti-Injunction Act bars a federal court from enjoining state-court eviction proceedings."); *see also Watkins v. Ceasar*, 88 F. App'x 458, 459 (2d Cir. 2004) (affirming a district court's denial of a request to "enjoin summary eviction proceedings" as barred by the Anti-Injunction Act).

In this case, Plaintiff is asking this Court to intervene in a landlord-tenant proceeding in state court where it appears an order of eviction has already been entered, and an appellate judge has declined to intervene. The Anti-Injunction Act prohibits this Court from interfering in these state court proceedings. Accordingly, the Court is unable to grant Plaintiff's request for injunctive relief.

### III. Lack of Subject Matter Jurisdiction

Additionally, "Plaintiff's allegations are insufficient to establish this Court's subject matter jurisdiction because simply referencing constitutional provisions or federal statutes is insufficient to establish subject matter jurisdiction." *Espinoza v. FBI*, No. 21-CV-4749 (WFK), 2021 WL 6196810, at *2 (E.D.N.Y. Nov. 16, 2021); *see also Perpetual Secs., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002) ("Simply raising a federal issue in a complaint will not automatically confer federal question jurisdiction."); *Gaston v. Shelter*, No. 24-CV-04386 (NCM) (LB), 2024 WL 3360365, at *2 (E.D.N.Y. July 10, 2024) ("Because plaintiff has not alleged a valid basis for the Court's federal question or diversity jurisdiction, the Court must dismiss plaintiff's complaint for lack of subject matter jurisdiction.")

5

Furthermore, district courts do not have federal question jurisdiction over state residential housing matters. *See Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) ("[Plaintiff's] complaint arises out of a landlord-tenant dispute over which the federal courts simply have no jurisdiction."); *Schmidt v. Am. Package Co., Inc.,* No. 23-CV-5821 (NRM) (JRC), 2023 WL 5952024, at *1 (E.D.N.Y. Aug. 3, 2023); *Nichols v. Epstein*, No. 22-CV-3187 (LDH) (CLP), 2023 WL 2305936, at *2 (E.D.N.Y. Mar. 1, 2023); *see also Johnson v. Ikezi*, No. 20-CV-2792 (LDH) (CLP), 2021 WL 1091910, at *2 (E.D.N.Y. Mar. 22, 2021) (collecting cases); *Bey v. Jones*, No. 19-CV-2577 (RRM) (PK), 2019 WL 2028703, at *2 (E.D.N.Y May 8, 2019) ("The Court lacks federal question jurisdiction over [plaintiff's] state law claims in this landlord-tenant matter"); *McMillan v. Dep't of Bldgs.,* No. 12-CV-318 (ENV), 2012 WL 1450407, at *2 (E.D.N.Y. Apr. 26, 2012) ("Wrongful eviction claims, whether for a temporary or final eviction, are state law claims, and this Court lacks subject matter jurisdiction over them."); *Galland v. Margules*, No. 05-CV-5639 (DC), 2005 WL 1981568, at *2 (S.D.N.Y. Aug. 17, 2005) ("[T]his Court does not have federal question subject matter jurisdiction over plaintiff's housing law claims, even when such claims are dressed in the garb of constitutional claims.").

## CONCLUSION

For the reasons set forth above, the action is dismissed. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3). Plaintiff's request for immediate injunctive relief by Order to Show Cause is denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is requested to enter Judgment and mail a copy of this Order and the Judgment to Plaintiff and note the mailing on the docket.

Finally, if Plaintiff requires legal assistance in his state-court proceedings, he is encouraged to visit http://nyc.gov/site/hra/help/legal-services-for-tenants.page for more information on free legal help for tenants.

**SO ORDERED.**

          */s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated:    December 31, 2025
            Brooklyn, New York